IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-853-GMS |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 11th day of March, 2009, having considered the plaintiff James Arthur Biggins' ("Biggins") motion for reconsideration;

**I. BACKGROUND**

The plaintiff, James Arthur Biggins ("Biggins"), a *pro se* litigant who is presently incarcerated, filed this action seeking an order of contempt for the alleged non-compliance of a 1988 settlement agreement in a Delaware State court action. On February 3, 2009, his application to proceed without prepayment of fees was denied on the basis that he had three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. (D.I. 5.); *see* 28 U.S.C. § 1915(g).

On February 10, 2009, Biggins filed a notice of appeal, dated February 10, 2009, and docketed on February 19, 2009. (D.I. 8.) On February 18, 2009, Biggins filed his motion for reconsideration, dated February 11, 2009, and docketed on February 19, 2009. (D.I. 6.) On February 27, 2009, the court entered an Order denying the motion for reconsideration without prejudice for want of jurisdiction. (D.I. 9.) On March 3, 2009, the United States Court of

Appeals for the Third Circuit entered an Order that the post-decision motion appeared timely, and stayed Biggins' appeal pending a disposition of the motion for reconsideration by this court. (D.I. 11.) Accordingly, the court rules on the merits of the motion for reconsideration.

Biggins moves for reconsideration on the grounds that this is not a new action and, therefore, the "three strikes rule" does not apply. (D.I. 6.) He argues that as a third party to the original action of *Dickerson v. Castle*, C.A. No. 10256 (Del. Ch. Nov. 28, 1988), it is within his rights to pursue an order of contempt from this court. The present case seeks relief similar to that sought by Biggins in *Biggins v. Minner*, Civ. Action No. 3623 (Del. Ch.).

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.; Dasilva v. Esmor Corr. Services, Inc.*, 167 F. App'x 303 (3d Cir. 2006) (not reported).

## III. DISCUSSION

Biggins attempts to frame this case, not as a new case, but as a challenge to a 1988 Delaware Chancery Court case. His position is unavailing. Biggins filed this case as a new case, and he submitted an affidavit of poverty and his prison trust account statement as is required by 28 U.S.C. § 1915 for the assessment of the filing fee. (*See* D.I. 1.) Only after he was ordered to pay the filing fee, did Biggins theorize that this is not a new case, that he is a third party to a 1988

State case and, therefore, § 1915 is inapplicable.

Biggins cannot escape the fact that in the past he has filed more than three cases that were dismissed as frivolous, malicious, or failed to state a claim upon which relief may be granted. His motion for an order of contempt does not demonstrate that he was in "imminent danger of serious physical injury" at the time he filed this case. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001); *see also Biggins v. Minner*, No. 209, 2008 (Del. 2008) at D.I. 2, ex. E1 (finding Biggins' appeal to be without merit and affirming dismissal of Biggins' complaint seeking a preliminary injunction to stop alleged practices preventing legal access to the courts in derogation of settlement agreements reached in prior inmate lawsuits.). Biggins has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion for reconsideration is **denied**.

## IV. CONCLUSION

For the above reasons, IT IS ORDERED that:

1. The February 27, 2009 Order is **vacated**. (D.I. 9.)

2. The motion for reconsideration is **denied**. (D.I. 6.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE